CARLTON, J., for the Court.
 

 ¶ 1. The tax collector of Madison County sold property owned by Jack Lee at a tax sale because Lee had failed to pay the assessed taxes due on his property. Then, Howard Gober bought Lee’s property from the tax sale. The chancellor later voided the tax sale of Lee’s property on August 26, 2006, because the chancellor found that the former Madison County Chancery Clerk had failed to provide proper notice of the tax sale to Lee pursuant to Mississippi Code Annotated sections 27-43-1 (Rev.2006)
 
 [1]
 
 and 27-43-3 (Supp. 2008).
 
 [2]
 
 Mistakenly, the chancery clerk filed
 
 *914
 
 a second final judgment voiding the tax sale approximately five months later on February 2, 2007. On February 13, 2007, Gober filed a motion for a new trial. Gob-er also subsequently filed a motion for judicial notice requesting the court to find that the clerk had complied with sections 27-43-1 and 27-43-3 and a motion to vacate an April 13, 2007, hearing. The chancellor found all of Gober’s motions to be frivolous. On July 13, 2007, Gober appealed. Because Gober failed to timely file his appeal pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure, we lack jurisdiction over this matter and must dismiss Gober’s appeal. However, we address the underlying assignments of error since the record reflects confusion over the chancellor’s entry of two final judgments.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On April 28, 2005, Lee filed a complaint to void a tax deed, naming Gober and Arthur Johnston, in his capacity as the current chancery clerk of Madison County, Mississippi, as defendants. Lee alleged that the former chancery clerk did not satisfy the applicable redemption notice requirements pursuant to sections 27-43-1 and 27-43-3 before Madison County sold his property.
 

 ¶ 3. Johnston agreed with Lee that the chancery court should set aside the tax sales of Lee’s property and void the resulting tax deed held by Gober because of the former chancery clerk’s noncompliance with sections 27-43-1 and 27-43-3. Gober appeared pro se - and filed an answer to Lee’s complaint on January 3, 2006. Gob-er asserted no affirmative defenses in his answer, but he claimed that the former chancery clerk had complied with the redemption notice requirements under sections 27-43-1 and 27-43-3.
 

 ¶ 4. On April 10, 2006, Lee filed a Mississippi Rule of Civil Procedure 56 summary judgment motion evidencing the former chancery clerk’s failure to comply with the redemption notice requirements pursuant to sections 27-43-1 and 27-43-3. Johnston joined Lee’s motion on May 18, 2006. The chancery court heard Lee’s summary judgment motion on July 26, 2006. All parties were present. Gober offered no probative evidence to refute the evidence Lee presented in support of his summary judgment motion. The chancellor granted Lee’s summary judgment motion.
 

 ¶ 5. On August 25, 2006, the chancellor held a hearing in which Johnston and Lee formally presented a proposed final judgment voiding the tax deed and setting aside the tax sales consistent with the court’s July 26, 2006, summary judgment hearing. On August, 25, 2006, the chancellor signed the proposed judgment (First Final Judgment), and it was entered on the same day.
 

 ¶ 6. However, Lee was unaware that the August 25, 2006, judgment had been entered. So, on January 17, 2007, Lee filed a motion for entry of final judgment. On February 2, 2007, the chancellor entered a second copy of the final judgment (Second Final Judgment). The Second Final Judgment, entered on February 2, 2007, was identical to the First Final Judgment entered on August 25, 2006.
 

 ¶ 7. On February 13, 2007, Gober filed a motion for a new trial. On March 2, 2007, Gober filed a motion for judicial notice that
 
 *915
 
 the chancery clerk had complied with the redemption notice requirements pursuant to sections 27-43-1 and 27-43-3. The chancellor denied both motions at a April 13, 2007, hearing. On April 20, 2007, Gob-er filed a motion to vacate the April 13, 2007, hearing. On May 7, 2007, Lee moved for sanctions against Gober on the basis that Gober’s motions constituted inflammatory and frivolous filings.
 

 ¶ 8. On July 6, 2007, the chancellor entered an order that both imposed a sanction on Gober and also denied Gober’s pending motion to vacate the April 13, 2007, hearing. The sanction imposed by the chancellor restricted Gober from filing any further pleadings in the present cause. Gober appealed on July 13, 2007.
 

 ¶ 9. The record reflects that Gober untimely filed his notice of appeal. Therefore, this Court does not have jurisdiction over this matter. However, we address the underlying assignments of error since the record reflects confusion over the chancellor’s entry of two final judgments.
 

 DISCUSSION
 

 I. Notice of Appeal Pursuant to Rule 4(a) of the Mississippi Rules of Appellate Procedure
 

 ¶ 10. On appeal, questions of law are reviewed de novo.
 
 Par Indus. v. Target Container Co.,
 
 708 So.2d 44, 47(5) (Miss. 1998) (citation omitted). Gober appeals pro se. Gober’s argument is somewhat broad and difficult to discern. However, he argues that the chancery court erred when it entered summary judgment in favor of Lee and voided Gober’s tax deed.
 

 ¶ 11. Rule 4(a) requires that a putative appellant’s “notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment ... appealed from.” Additionally, Mississippi Rule of Appellate Procedure 2(a) states that “an appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rule 4....”
 

 ¶ 12. Gober untimely filed his notice of appeal. The chancery court entered its First Final Judgment on August 25, 2006, and entered its Second Final Judgment on February 2, 2007. Gober filed his appeal on July 13, 2007. Even if we were to hold that the thirty-day time period stated in Rule 4(a) began to run on February 2, 2007, Gober’s notice of appeal was still untimely filed.
 

 II. Request for a New Trial Pursuant to Rule 59 of the Mississippi Rules of Civil Procedure
 

 ¶ 13. The standard of review when a trial judge denies a motion for a new trial is abuse of discretion.
 
 Tentoni v. Slayden,
 
 968 So.2d 431, 441(27) (Miss.2007) (citation omitted). The running of the time to file an appeal under Rule 4(a) of the Mississippi Rules of Appellate Procedure is tolled when a party files a motion for a new trial within ten days after entry of final judgment.
 
 See
 
 M.R.C.P. 59(a)-(b). Gober filed his motion for a new trial on February 13, 2007, which was more than ten days after the chancery court’s Second Final Judgment dated February 2, 2007. Therefore, Gober’s motion for a new trial was untimely filed.
 

 ¶ 14. Had Gober’s motion for a new trial pursuant to Rule 59 been timely filed, then under Rule 4(d), Gober’s appeal would have been timely filed — as the time for appeal would run from the entry of the order disposing of that motion. M.R.A.P. 4(d). However, since Gober’s Rule 59 motion was untimely, we lack jurisdiction in this matter. For the above reasons, we must dismiss Gober’s appeal.
 

 
 *916
 
 ¶ 15. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Mississippi Code Annotated section 27-43-1 provides that: "[T]he clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption. ...”
 

 [2]
 

 . Mississippi Code Annotated section 27-43-3 requires, in part, that: "[T]he clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general
 
 *914
 
 circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.... Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.”