McMILLIN, P. J., for the Court:
¶ 1. A Georgia divorce judgment dissolving the marriage of Michael Hulse and Katherine Hulse awarded primary physical custody of the parties’ three-year-old son to Mrs. Hulse. Dr. Hulse was permitted visitation every other weekend. At the time of the divorce, Mrs. Hulse had already moved her residence to a location approximately two hundred miles from Dr. Hulse. Shortly after the divorce became final, Mrs. Hulse relocated her residence again, this time moving to Warren County in this State. This last residence was approximately five hundred and twenty miles from Dr. Hulse’s residence in Georgia.
¶2. Dr. Hulse filed a proceeding in the Warren County Chancery Court to modify the visitation provisions of the Georgia divorce, claiming that the increased distance between the parties rendered the old visita *919 tion schedule unworkable. The chancellor accepted jurisdiction of the ease under Mississippi’s version of the Uniform Child Custody Jurisdiction Act since the child was now a permanent resident of this State. The chancellor ultimately ordered a change in visitation that permitted Dr. Hulse to exercise visitation rights for a period of eight to nine consecutive days each month — a schedule both parties agreed to as a suitable alternative in light of the changed circumstances.
¶3. However, the parties could not agree as to responsibility for transportation of the child. Dr. Hulse urged that his former wife be required to participate in the transportation in some reasonable way. He suggested that she be required to meet him at a suitable location approximately half-way between the two residences or that she be entirely responsible for either the child’s transportation to Georgia to commence a visitation period or the ensuing trip back to Mississippi ending the period. Mrs. Hulse, on the other hand, resisted the suggestion that she should have any responsibility for transportation. She testified that Dr. Hulse had, in the past, been substantially late on occasion when picking up his son and she felt that it was not in the child’s best interest for her and the child to be left in limbo in a strange city while waiting for Dr. Hulse to appear.
¶ 4. The chancellor ruled in favor of Mrs. Hulse, ordering that Dr. Hulse would be solely responsible for all transportation connected with his visitation rights. It is from that ruling that Dr. Hulse perfected this appeal.
¶ 5. There is no authority in Mississippi to the effect that the non-custodial parent is entitled to the assistance of the former spouse in the logistical aspects of exercising visitation rights. As in all other matters touching on the children of divorcing parents, the primary consideration is not the convenience of either parent, but what is in the best interest of the child. Dunn v. Dunn, 609 So.2d 1277, 1286 (Miss.1992); White v. Thompson, 569 So.2d 1181, 1185 (Miss.1990). It has been said, however, that it is manifestly in the best interest of the child that it have as nearly normal a relationship as is possible with the non-custodial parent. Harrington v. Harrington, 648 So.2d 543, 545 (Miss.1994). Thus, in deciding matters relating to visitation, the chancellor must take into account necessary transportation, especially in those cases where, as here, the parties live at great distance from one another. Because the duty to work in good faith to foster a good relationship between the child and the non-custodial parent lies as much with the custodial parent as with the non-custodial parent, there could be, in the opinion of this Court, situations where, because of the particular facts of the case, it would be incumbent upon the custodial parent to become involved in the transportation process. In those eases where it could be demonstrated that the ability of the non-custodial parent to enjoy a suitable visitation schedule was substantially impaired because of difficulties in transportation that could only be resolved by the reasonable participation of the custodial parent, it could well be that the chancellor would be manifestly in error in refusing to order some measure of cooperation from the custodial parent. That, however, would appear to be a question of fact and not an issue of law.
¶ 6. The chancellor, in making her ruling, referred to the case of Love v. Barnett as authority for her decision. Love v. Barnett, 611 So.2d 205 (Miss.1992). To the extent that the chancellor relied upon that case for the proposition that a more or less arbitrary rule can be used to require the non-custodial parent to be responsible for all transportation, we find the chancellor’s reasoning unpersuasive. In the recitation of the facts of Love v. Barnett, the opinion quotes from the chancellor’s bench ruling that “we’ve always pretty well stuck to the visiting parent is responsible for the pick up and delivery of the children.” Id. at 207. However, the propriety of the pronouncement was not made an issue in the appeal and the opinion does not deal, directly or indirectly, with the question. Any reliance on that case as being an endorsement of such an across-the-board practice, no matter the facts of the particular case, is not well founded.
¶ 7. However, we have determined, based on our review of the record, that the chancellor went beyond reliance on Love v. *920 Barnett and considered what would be in the best interest of the child in terms of transportation. The chancellor expressed concern about the well-being of the child during periods of uncertainty when Dr. Hulse might be late for exchanges arranged to occur in strange cities. Matters such as this are vested in the sound discretion of the chancellor. Martin v. Coop, 693 So.2d 912, 915 (Miss.1997). It is not within our authority to substitute our opinion for that of the chancellor even when we might be of the opinion that, given the opportunity, we would have decided the matter differently. Id. So long as the chancellor has not exercised her discretion in a manner that indicates a substantial abuse of authority, an appellate court has no authority to interfere. Id. Because the chancellor correctly focused her attention on the child’s best interest rather than the convenience of either party, we cannot say she was manifestly in error in her determination regarding transportation connected with visitation. That this result works a substantial hardship on Dr. Hulse cannot be denied, but, in the opinion of the chancellor, that was a necessary price to serve the best interest of Dr. Hulse’s son. We decline to find this conclusion to be manifestly in error, and we, therefore, affirm the judgment of the chancellor.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.