744 So.2d 789 (1999)
Tracie Jo Haynes Lentz CHALK, Appellant,
v.
Mark Anthony LENTZ, Sr. Appellee.
No. 97-CA-00953-COA.
Court of Appeals of Mississippi.
May 4, 1999.
*790 H.R. Garner, Hernando, Attorney for Appellant.
Sarah Victoria McReynolds, Southaven, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
THOMAS, P.J., for the Court:
¶ 1. Tracie Jo Haynes Lentz Chalk appeals the judgment of the DeSoto County Chancery Court modifying visitation from the original decree of divorce. The original decree of divorce's visitation provisions were modified to reflect specific visitation rights in favor of Lentz, the non-custodial parent, upon the chancellor's findings that a substantial and material change in circumstances had occurred. In that ruling, the chancellor modified the decree to reflect specific visitation in lieu of the original "liberal visitation" provision. The chancellor further held both parties in wilful contempt: Chalk, for "attempting to dictate outside the parameters of that decree, the times, places and circumstances under which the natural father may visit with his children," and Lentz, for "wilfully refusing to pay support for minor children." As a result of the chancellor's finding that both parties were in wilful contempt and in view of parties's financial abilities to pay for their respective attorney's fees, neither party was awarded attorney's fees. From that ruling Chalk raises the following assignments of error:
I. THE TRIAL COURT ERRED IN HOLDING THE APPELLANT IN WILFUL CONTEMPT OF THE COURT ORDER OF DECEMBER 16, 1992, REGARDING VISITATION DENIAL OR WITHHOLDING OF SAME FROM THE APPELLEE.
II. THE TRIAL COURT ERRED IN ITS FINDINGS AND CONCLUSION IN ITS INTERPRETATION OF THE CASE OF NEWSOME[NEWSOM] V. NEWSOME[NEWSOM], 557 So.2d 511 (Miss.1990).
III. THE TRIAL COURT ERRED FINDING THAT THE APPELLANT UNREASONABLY WITHHELD VISITATION FROM THE TIME OF THE DIVORCE UNTIL THE FILING OF THE PETITION BY APPELLEE, WHICH IS CONTRARY TO THE EVIDENCE ADDUCED AT THE TRIAL.
IV. THE TRIAL COURT ERRED UPON FINDING THE APPELLEE IN CONTEMPT OF COURT IN FAILING TO AWARD APPELLANT REASONABLE ATTORNEY'S FEES AND EXPENSES FOR ARREARAGE IN PAST DUE CHILD SUPPORT.
Finding no error, we affirm.

FACTS
¶ 2. Mark Anthony Lentz, Sr. and Tracie Jo Haynes Lentz Chalk were divorced in the DeSoto County Chancery Court on December 16, 1992. Two children were born of their marriage: Mark Anthony Lentz, Jr., date of birth, July 4, 1989; and Kendall A. Lawrence Lentz, date of birth, January 27, 1992. The decree awarded Tracie custody of the two minor children. The child visitation provision provided Lentz with "liberal visitation" without specific parameters setting the times, places and circumstances under which Lentz could visit with his children. However, Lentz was required to give at least twenty-four hours notice to Chalk prior to any visitation in order to facilitate a coordinated visitation between the parties. A child *791 support award of $150 per child payable to Chalk was also included in the decree. Chalk agreed to accept health insurance responsibility for the minor children and to assume responsibility for items not covered. The decree further contained a provision requiring each party shall keep the other informed of his/her full and complete address and telephone number.
¶ 3. On February 5, 1996, Lentz filed a petition to cite Chalk for contempt of court along with a request to modify the former decree of divorce. In his petition, Lentz maintained that Chalk engaged in contemptuous activity by which he was denied visitation requests on numerous occasions by Chalk despite the fact he gave proper notice twenty-four hours prior to visitation. Lentz maintained that telephone communication with his children was also denied by Chalk. Additionally, the petition alleged that Chalk failed to keep Lentz informed of her complete addresses and that he had to conduct his own search through other sources to obtain the location of his children. Lentz further cites to Chalk's attempt to terminate his parental rights by joining a petition with her then present husband, Daniel C. Chalk, for step-parent adoption of the two minor children. Attorney's fees were also requested in Lentz's petition.
¶ 4. In response, Chalk filed an answer and counterclaim on February 20, 1996. In the counterclaim Chalk petitioned the court to cite Lentz for contempt of court for failure to pay the required child support. Chalk maintained that Lentz's inactions with regard to any visitation with his children amounts to abandonment and therefore his parental rights should be terminated or in the alternative, his visitations with the minor children restricted and supervised. Chalk, likewise, requested attorney's fees.
¶ 5. On April 23, 1996 the chancery court appointed a guardian ad litem and granted temporary relief to Lentz allowing limited visitation with the two minor children. After hearing testimony from the parties and consideration of the evidence presented on June 10, 1997, the chancellor made the findings of fact and conclusions of law on July 3, 1997. Chalk was held in wilful contempt for failure to allow Lentz reasonable rights of visitation with their minor children. The visitation provision was modified to reflect specific visitation rights including dates, times, and places. Lentz was likewise found to be in willful contempt for failure to pay child support and was ordered to pay the arrearage with interest within forty-five days of the order. The chancellor ordered neither party responsible for the other's attorney's fees as both were found in wilful contempt and each had the financial ability to pay for their respective attorney's fees.

ANALYSIS
¶ 6. Chalk has presented four issues on appeal. However, each issue raised has at its core the central question of whether the chancery court erred in holding Chalk in wilful contempt for failure to allow Lentz reasonable visitation rights with their minor children. Chalk advances the argument that the December 1992 divorce decree was "so poorly worded" that differing interpretations of the liberal visitation provision resulted, thus compounding any reasonable attempt at implementation of the same between the parties. Chalk argues that as a result, she should not have been held in contempt for a wilful violation of an otherwise unspecific liberal visitation provision.
¶ 7. We began by reiterating the well established standard of review that we "will not disturb the factual findings of a chancellor when supported by substantial evidence unless the Court can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard." Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996). "Under the standard of review utilized to review a chancery court's findings of fact, particularly in the areas of divorce, alimony *792 and child support, this Court will not overturn the court on appeal unless its findings were manifestly wrong." Mizell v. Mizell, 708 So.2d 55 (¶ 48) (Miss.1998) (quoting Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992)).
¶ 8. The December 1992 divorce decree included a "liberal visitation" provision for the implementation of child visitation by Lentz:
2. Wife shall have full custody and control of the parties minor children, namely: Mark Anthony Lentz, Jr. and Kendall A. Lawrence Lentz. Husband shall have liberal visitation with the parties minor children. The husband shall contact the wife 24 hours prior to visiting with the children so that the parties can coordinate said visitation.
¶ 9. The supreme court has addressed the very issue of what would encompass the minimum of a liberal visitation provision and held that "children at the least are entitled to the company of [the non-custodial parent] two full weekends a month during the school year, with the visitation to terminate late Sunday afternoon as opposed to Sunday morning, and a five-week period during summer vacation." Crowson v. Moseley, 480 So.2d 1150, 1153 (Miss.1985). The best interests of the minor child should be the paramount consideration when establishing any visitation provision, while respecting the rights of the non-custodial parent and the objective of creating an environment conducive to developing as close and loving a relationship as possible between parent and child. Clark v. Myrick, 523 So.2d 79, 83 (Miss.1988); Cox v. Moulds, 490 So.2d 866, 870 (Miss.1986); White v. Thompson, 569 So.2d 1181, 1185 (Miss.1990); Dunn v. Dunn, 609 So.2d 1277, 1286 (Miss.1992). Liberal visitation provisions, while allowing the parents the discretion to mutually decide the circumstances under which the visitation will occur, are nevertheless ultimately subject to the laws of this State. The best interests of the child remains the paramount consideration and is within the discretion of the chancery court. Dunn, 609 So.2d at 1286. Sadly, as appears in this case, the parties were unable to reach a mutually agreeable visitation schedule.
¶ 10. The facts presented before the chancellor have been carefully reviewed by this Court. In holding Chalk in wilful contempt of the visitation provisions, the chancery court concluded that Chalk had engaged in conduct attempting to dictate outside of the parameters of the decree the times, places and circumstances under which Lentz might visit with his children. The court, in support of its holding, determined that Chalk had refused to coordinate said visitations as evidenced by the numerous phone calls made by Lentz. The chancery court further determined that Chalk had at times unilaterally denied visitation to Lentz for her own reasons, as evidenced by her own admissions.
¶ 11. We will not reverse a chancellor upon a finding of fact short of manifest error. Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997); Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). "Generally speaking, contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstances and both temporal and visual proximity, is infinitely more competent to decide the matter than we are." Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss. 1990). Our review of the chancery court's order and opinion fails to reveal any factual findings unsupported by substantial evidence as was presented to the chancellor, nor can we conclude that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.
¶ 12. In so holding that the chancery court's citation of Chalk for wilful contempt was not the result of an abuse of discretion or unsupported by substantial evidence, we likewise cannot conclude that the chancellor's denial of Chalk's requested award of attorneys fees was improper. *793 The general rule remains that where "a party is financially able to pay her attorney, an award of attorney's fees is not appropriate." Smith v. Smith, 614 So.2d 394, 398 (Miss.1993) (citing Martin v. Martin, 566 So.2d 704, 707 (Miss.1990)). Whether to grant or deny an award of attorney's fees is largely within the chancellor's sound discretion. Bredemeier, 689 So.2d at 778; Dunn v. Dunn, 609 So.2d 1277, 1286 (Miss.1992); Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss.1983). The contempt citation aside, Chalk's inability to pay for her respective attorney's fees has not been shown. Therefore, we cannot conclude that the chancellor's denial of Chalk's request for attorney's fees was an abuse of his sound discretion. This assignment of error is without merit.
¶ 13. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.