GRIFFIS, P.J., FOR THE COURT:
 

 ¶ 1. Daniel W. Michael appeals the chancellor's entry of a child-visitation schedule that set visitation every other weekend from Saturday through Sunday. Michael argues the chancellor erred by not granting standard visitation of Friday through Sunday, and by imposing on him all costs and travel associated with the visitation. Kelli Michelle Smith, the child's mother, cross-appeals and argues that because Michael's post-trial motion was untimely, the chancellor lacked jurisdiction to rule on the motion and his appeal should therefore be dismissed, as it stems from a void judgment.
 

 ¶ 2. We find Michael's appeal is properly before this Court and that the chancellor correctly imposed all costs and travel expenses on Michael, but abused his discretion in restricting visitation. Thus, we affirm
 in part, and reverse and remand in part.
 

 FACTS
 

 ¶ 3. E.M.S.
 
 [1]
 
 was born to Michael and Smith in August 2013. Michael and Smith were never married. They lived in Laurel, Mississippi, at the time of E.M.S.'s birth. However, by the time this action commenced, Michael had moved to Louisiana. On March 11, 2015, Smith filed a petition in the Jones County Chancery Court to adjudicate paternity and establish custody, support, and visitation. Smith attached a DNA test, dated August 2013, that showed Michael is E.M.S.'s father.
 

 ¶ 4. On June 22, 2015, a temporary hearing was held on Smith's petition. The parties stipulated that Michael was E.M.S.'s father. On July 16, 2015, the chancellor entered a temporary order, granting Smith legal and physical custody of E.M.S. Michael was granted two-hour supervised visitations twice each week in Laurel. Smith was ordered to supervise the visitations while E.M.S. became acclimated with Michael. Michael was ordered to pay child support and the child's health insurance.
 

 ¶ 5. A trial was held on September 2, 2015, and a final judgment was entered on January 15, 2016. Smith was granted legal and physical custody of E.M.S., and a progressive visitation schedule was set for Michael. The chancellor found that due to the lack of bonding between Michael and E.M.S., Michael was to have visitation, supervised by Smith, beginning on November 28, 2015, on every second and fourth Saturday of each month at Smith's home or other place in Jones County designated by Smith from 10 a.m. to 12 p.m. Beginning on January 9, 2016, the visitation time was expanded from 10 a.m. until 5 p.m. on every second and fourth Saturday, and was to be unsupervised; but visitation was to occur in Jones County. Beginning on April 9, 2016, the visitation was to be unsupervised from 10 a.m. on Saturday until 5 p.m. on Sunday, every second and fourth weekend, in Jones County.
 

 ¶ 6. Additionally, Michael was ordered to pay an agreed-upon amount of child support and back child support. Michael was also ordered to pay certain child-care expenses and all of Smith's attorney's fees. All provisions of the temporary order not inconsistent with the final judgment were incorporated into the final judgment.
 

 ¶ 7. On January 25, 2016, ten days after the final judgment, Smith filed a Mississippi Rule of Civil Procedure 59(e) motion for reconsideration. Smith sought: (1) the imposition of a specific deadline for Michael to pay the back child support; and (2) a ruling on the payment of health insurance and medical expenses, which were addressed in the temporary order but not the final judgment.
 

 ¶ 8. On January 28, 2016, thirteen days after the final judgment, Michael filed a motion for relief from judgment under Mississippi Rule of Civil Procedure 60(b)(2) and (b)(6). Michael argued that the chancellor improperly restricted visitation and failed to set any holiday visitation. The motion states that counsel had mailed a Rule 59(e)"Motion to Alter or Amend" to the chancery clerk on January 21, 2016, but for "reasons beyond the knowledge of counsel," the motion was not received by the clerk.
 

 ¶ 9. Smith subsequently responded to Michael's motion for relief from judgment and argued that the motion failed to clearly state the relief sought and, thus, was not a proper Rule 60(b) motion. Smith claimed that Michael's motion was, on its face, a Rule 59(e) motion to alter or amend the
 judgment, which was required to be filed within ten days of the entry of the final judgment. Since the motion was filed thirteen days after the entry of the final judgment, Smith argued Michael's motion was time-barred.
 

 ¶ 10. On April 18, 2016, the chancellor held a hearing on the post-trial motions. At the outset of the hearing, Smith immediately moved to withdraw her motion for reconsideration, saying that all claims in the motion had been "worked out between the parties." Thus, the hearing proceeded only on Michael's motion for relief from judgment. The parties presented arguments on whether the motion was one under Rule 59 or 60, with the chancellor ultimately telling Michael to present both motions.
 

 ¶ 11. On April 20, 2016, the chancellor sent the parties a letter, stating that Michael's motion would be granted, "subject to [certain] provisions." The chancellor incorrectly stated that he believed Michael's post-trial motion-filed thirteen days after the entry of the final judgment-was a timely Rule 59(e) motion, since Mississippi Rule of Civil Procedure 6(e) allows three additional days to respond to documents served by mail.
 
 [2]
 
 As to the final judgment, the chancellor stated that, "[c]learly, [he] erred" when he "restricted [Michael's] visits to Jones County ... and failed to address other visitation to which [Michael] was entitled."
 

 ¶ 12. On May 27, 2016, the chancellor entered an amended judgment on the parties' post-trial motions. The chancellor denied Smith's Rule 59 motion as moot, since it had been withdrawn. Additionally, the chancellor granted Michael unsupervised visitation, not limited to Jones County, every other weekend from 10 a.m. on Saturday through 5 p.m. on Sunday, and set a standard holiday- and summer-visitation schedule. Michael was ordered to be responsible for the costs and transportation associated with visitation. All other portions of the final judgment not dealing with visitation remained in effect.
 

 ¶ 13. On June 22, 2016, Michael filed a notice of appeal. On appeal, Michael raises two issues: (1) the chancellor abused his discretion in ordering visitation from Saturday through Sunday rather than Friday through Sunday; and (2) the chancellor abused his discretion in ordering Michael to be responsible for all costs and travel for visitation. Additionally, Smith raises two issues on cross-appeal: (1) the chancellor lacked jurisdiction to rule on Michael's Rule 59(e) motion, as it was untimely; and (2) Michael's appeal should be dismissed, as it stems from a void judgment.
 

 ANALYSIS
 

 Smith's Cross-Appeal
 

 ¶ 14. We first address Smith's cross-appeal, as it questions the chancellor's jurisdiction to enter the amended judgment and attacks the validity of Michael's notice of appeal. Smith argues that the chancellor erroneously considered Michael's Rule 59(e) motion, and, consequently, the
 amended judgment is void, and this appeal should be dismissed. Smith's argument raises a question of law, which we review de novo.
 
 In re M.I.
 
 ,
 
 85 So.3d 856
 
 , 857 (¶ 6) (Miss. 2012).
 

 ¶ 15. "The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file for a relief from a final judgment under Rule 60(b)."
 
 Loftin v. Jefferson Davis Cty. Sch. Dist.
 
 ,
 
 142 So.3d 1098
 
 , 1100 (¶ 5) (Miss. Ct. App. 2014). "The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion."
 

 Id.
 

 A Rule 59(e) motion must be filed within ten days of the entry of the final judgment. M.R.C.P. 59(b). This deadline cannot be extended. M.R.C.P. 6(b). A motion to reconsider filed after the ten-day deadline is a Rule 60(b) motion. Motions filed under the reasons set out in Rule 60(b)(1)-(6) must be filed within a reasonable time, and for motions filed under subsections (1)-(3), within six months.
 

 ¶ 16. The record shows that although Michael attempted to file a Rule 59(e) motion, it was never received by the chancery clerk. When Michael discovered that his motion had not been filed, the ten-day deadline had passed, and Michael abandoned his attempt to seek relief under Rule 59(e). Instead, he filed a Rule 60(b) motion.
 

 ¶ 17. In support of her argument that the chancellor erroneously ruled on the untimely Rule 59(e) motion and not the Rule 60(b) motion, Smith cites the chancellor's letter to counsel sent after the post-trial-motions hearing, which states that the chancellor considered Michael's Rule 59(e) motion to be timely and well taken. However, this statement does not appear in the chancellor's amended judgment, nor was it otherwise incorporated into the amended judgment. Rather, the amended judgment states that the chancellor "reviewed [Michael's] post-trial motion"-without specifying which one-and "finds it well taken[.]"
 

 ¶ 18. The chancellor's statement in the letter and Smith's argument do not acknowledge that Michael's January 28, 2016 Rule 60(b) motion was the
 
 only
 
 post-trial motion that Michael actually filed. While the Rule 59(e) motion was attached to the Rule 60(b) motion, Michael acknowledged that the Rule 59(e) motion was never filed, and he did not move to extend the time for filing it, as the chancellor would not have been permitted to grant such relief.
 
 See
 
 M.R.C.P. 6(b) (stating that the time to file a Rule 59(e) motion may not be extended).
 

 ¶ 19. Michael's Rule 60(b) motion sought relief from judgment under subsections 60(b)(2) and (6). Rule 60(b)(2) provides for relief from a final judgment for accident or mistake, and Rule 60(b)(6) provides for relief from a judgment for "any other reason ... justifying relief" not set out in Rule 60(b)(1)-(5). A Rule 60(b)(2) motion must be filed within "a reasonable time" within six months of the final judgment, and a Rule 60(b)(6) motion must be filed within "a reasonable time."
 

 ¶ 20. The record shows Michael's Rule 60(b) motion was filed within a reasonable time, as it was filed thirteen days after the final judgment. Since Michael's Rule 60(b) motion was timely filed, the chancellor had jurisdiction to consider it and thereafter enter the amended judgment. As the trial court's amended judgment on Michael's timely Rule 60(b) motion was not a void judgment, Michael's appeal is properly before this Court, and Smith's cross-appeal is without merit.
 

 Michael's Appeal
 

 I. Visitation Schedule
 

 ¶ 21. Michael first argues the chancellor erred in limiting his weekend visitation
 from Saturday through Sunday, rather than Friday through Sunday.
 
 [3]
 

 ¶ 22. "The chancellor has broad discretion when determining appropriate visitation and the limitations thereon."
 
 Harrington v. Harrington
 
 ,
 
 648 So.2d 543
 
 , 545 (Miss. 1994). The chancellor's findings of fact will be affirmed when supported by substantial evidence, unless the chancellor abused his discretion or applied an incorrect legal standard, or if the decision was manifestly wrong or clearly erroneous.
 
 Gateley v. Gateley
 
 ,
 
 158 So.3d 296
 
 , 300 (¶ 19) (Miss. 2015). Unlike a petition for modification of child custody, alteration of a visitation schedule does not require a showing of a material change in circumstances in the custodial home.
 
 Mabus v. Mabus
 
 ,
 
 847 So.2d 815
 
 , 818 (¶ 8) (Miss. 2003). Instead, the chancellor must consider "the best interest of the child as his paramount concern," and "the rights of the non[ ]custodial parent, recognizing the need to maintain a healthy, loving relationship between the non[ ]custodial parent and his child."
 
 Harrington
 
 ,
 
 648 So.2d at 545
 
 .
 

 ¶ 23. In support of his argument, Michael relies on
 
 Fields v. Fields
 
 ,
 
 830 So.2d 1266
 
 (Miss. Ct. App. 2002). In
 
 Fields
 
 , the chancellor awarded the father visitation every other weekend from 5 p.m. on Friday until 6 p.m. on Sunday.
 

 Id.
 

 at 1267
 
 (¶ 4). However, the chancellor awarded no holiday or summer visitation, and required that the father ensure that the child participated in up to three church activities chosen by the mother during his weekend visitations.
 

 Id.
 

 ¶ 24. On appeal, this Court found no basis in the record for the chancellor's imposition of these restrictions on visitation.
 

 Id.
 

 at 1269
 
 (¶ 12). In so finding, this Court first pointed to the chancellor's award of overnight visitation, which created an inference that standard visitation was not detrimental to the child.
 

 Id.
 

 Further, this Court noted that in the temporary order entered prior to the final judgment, the chancellor "did not hesitate in awarding ... standard summer and holiday visitation privileges."
 

 Id.
 

 There was no evidence that anything had changed since the temporary order, or that summer and holiday visitation were in any way detrimental to the child.
 

 Id.
 

 ¶ 25. Here, as in
 
 Fields
 
 , there is no indication that standard visitation would be detrimental to the child.
 
 See
 
 id.
 

 The chancellor awarded Michael overnight visitation and further awarded standard summer- and holiday-visitation privileges. While the chancellor did not place the same restrictions at issue in
 
 Fields
 
 , he did in fact restrict Michael's visitation, as Michael's weekend visitations did not include Friday.
 

 ¶ 26. "Except in unusual circumstances, a noncustodial parent is entitled to unrestricted standard or liberal visitation." Deborah H. Bell,
 
 Bell on Mississippi Family Law
 
 § 5.08[2] (1st ed. 2005) (citing
 
 Cox v. Moulds
 
 ,
 
 490 So.2d 866
 
 , 870 (Miss. 1986) ). Standard visitation includes "two weekends a month until Sunday afternoon and at least five weeks of summer visitation[,] plus some holiday visitation."
 
 Id.
 
 (citing
 
 Messer v. Messer
 
 ,
 
 850 So.2d 161
 
 , 167 (¶ 22) (Miss. Ct. App. 2003) ;
 
 Fields
 
 ,
 
 830 So.2d at 1269
 
 (¶ 12) ;
 
 Chalk v. Lentz
 
 ,
 
 744 So.2d 789
 
 , 792 (¶ 9) (Miss. Ct. App. 1999) ). "Awarding less is an abuse of discretion unless there is concrete proof of actual harm to a child."
 

 Id.
 

 "Appropriate visitation restrictions often relate to abusive behavior, drug or alcohol abuse, or mental illness."
 

 Id.
 

 at § 5.08[4].
 

 ¶ 27. Here, there is no evidence of actual harm to E.M.S., nor is there evidence of abusive behavior, drug or alcohol abuse, or mental illness by Michael. Instead, the chancellor found Michael's lack of bonding with E.M.S. as the reason to restrict Michael's visitation. However, such restriction seems counterproductive. Indeed, it is unclear how limiting visitation between Michael and E.M.S. would strengthen the parent-child bond. Moreover, the record shows that at the time of the amended judgment, Michael had been "bonding" with E.M.S. for at least four hours per week for almost one year.
 

 ¶ 28. "Our courts have adopted a policy of maintaining relationships between parents and their children even though the parent may be non-custodial."
 
 Fields
 
 ,
 
 830 So.2d at 1267
 
 (¶ 6).
 

 The best interests of the minor child should be the paramount consideration ... while respecting the rights of the noncustodial parent and the objective of creating an environment conducive to developing as close and loving a relationship as possible between parent and child.
 

 Bell on Mississippi Family Law
 
 at § 5.07[1] (quoting
 
 Chalk
 
 ,
 
 744 So.2d at 792
 
 (¶ 9) ).
 

 ¶ 29. "[A]bsent evidence that the child [would be] harmed by standard visitation, the chancellor may not impose limitations on the visitation privileges of the non[-]custodial parent."
 
 Fields
 
 ,
 
 830 So.2d at 1268
 
 (¶ 8). Here, as in
 
 Fields
 
 , there is no evidence to support the chancellor's restrictions on Michael's visitation with E.M.S.
 
 See
 

 id.
 

 at 1269
 
 (¶ 12). Moreover, there is no evidence that E.M.S. would be harmed by standard visitation. Accordingly, we find the chancellor abused his discretion in restricting Michael's visitation, and reverse and remand with instructions to award Michael standard visitation with E.M.S., to include Fridays.
 

 II. Travel and Costs Associated with Visitation
 

 ¶ 30. Michael further argues the chancellor erred in ordering him to incur all travel and costs associated with visitation. Michael asserts the chancellor failed to consider that he has to travel two hours each way to pick up and drop off the child, and that due to the driving time and the limited Saturday through Sunday visitation, he is unable to spend a significant amount of time with the child. He also argues that Smith should be required to meet him halfway to pick up and drop off the child.
 

 ¶ 31. The determination of transportation and costs associated with child visitation is within the chancellor's discretion.
 
 Branch v. Branch
 
 ,
 
 174 So.3d 932
 
 , 940 (¶ 24) (Miss. Ct. App. 2015). "There is no authority in Mississippi to the effect that the non[ ]custodial parent is entitled to the assistance of the [custodial parent] in the logistical aspects of exercising visitation rights."
 

 Id.
 

 (quoting
 
 Hulse v. Hulse
 
 ,
 
 724 So.2d 918
 
 , 919 (¶ 6) (Miss. Ct. App. 1998) ). Michael moved out of state to Louisiana after the child's birth, and Smith remained with the child in Laurel. We cannot find the chancellor abused his discretion
 in ordering Michael to bear the costs and responsibility of transporting E.M.S. for visitation.
 

 ¶ 32. We note that "reasonable participation of the custodial parent" may be warranted in cases where visitation is "substantially impaired" by the noncustodial parent's ability to transport the child.
 

 Id.
 

 at (¶ 25) (quoting
 
 Hulse
 
 ,
 
 724 So.2d at 919
 
 (¶ 6) ). However, that is not the case here. Michael admits that he can "drive without difficulty" and that "[t]he cost of the travel [i]s not the issue[.]" Accordingly, we affirm the chancellor on this issue.
 

 CONCLUSION
 

 ¶ 33. Overall, we find Michael's appeal is properly before us and Smith's cross-appeal is without merit. The amended judgment is affirmed as to travel and costs associated with visitation, but reversed as to the visitation schedule and remanded to the chancery court with instructions to award Michael standard visitation with E.M.S., to include Fridays.
 

 ¶ 34.
 
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 

 LEE, C.J., FAIR, WILSON AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND CARLTON, J. WESTBROOKS, J., NOT PARTICIPATING.
 

 Initials are substituted for privacy of the minor child.
 

 Rule 6(e) does not expand the time for filing a Rule 59(e) motion. The Mississippi Supreme Court has repeatedly held that a motion under Rule 59(e)
 
 must be filed
 
 within ten days of the entry of the final judgment.
 
 See
 

 S. Healthcare Servs. Inc. v. Lloyd's of London
 
 ,
 
 110 So.3d 735
 
 , 741 (¶ 14) (Miss. 2013) (stating a Rule 59(e) motion must be filed within ten days of the final judgment);
 
 City of Jackson v. Jackson Oaks Ltd. P'ship
 
 ,
 
 792 So.2d 983
 
 , 985 (¶¶ 2-3) (Miss. 2001) (finding a Rule 59(e) motion filed twelve days after the final judgment was untimely and must be treated as a Rule 60(b) motion);
 
 Taylor v. Morris
 
 ,
 
 609 So.2d 405
 
 , 407 (Miss. 1992) (finding that a Rule 59(e) motion filed eleven days after the final judgment was timely only because the tenth day fell on a Sunday).
 

 Smith did not respond to Michael's arguments on appeal; rather, her brief only raises issues concerning jurisdiction. Smith does not challenge the chancellor's grant of Michael's Rule 60(b) motion; thus, we only address Michael's issues regarding the substance of the amended judgment. We also note that although Smith failed to respond to the arguments in Michael's appellant's brief, we do not consider her failure to do so as a confession of error. As our supreme court has explained, the failure to respond to the issues raised on appeal "is ordinarily treated as a confession of error,
 
 except where a child's interests are concerned
 
 . In those instances, this Court makes a special effort to review the record for support to affirm."
 
 Doe v. Smith
 
 ,
 
 200 So.3d 1028
 
 , 1032 n.12 (Miss. 2016) (emphasis added) (citing
 
 Barber v. Barber
 
 ,
 
 608 So.2d 1338
 
 , 1340 (Miss. 1992) ;
 
 Sparkman v. Sparkman
 
 ,
 
 441 So.2d 1361
 
 (Miss. 1983) ).