## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01068-SCT

*DAVID DOLL AND SANDRA DOLL*

*v.*

*BSL, INC. d/b/a CASINO MAGIC BAY ST. LOUIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/02/2008 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DAVID CLIFTON MORRISON |
| ATTORNEYS FOR APPELLEE: | DAVID W. STEWART |
| | MATTHEW JASON SUMRALL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 06/10/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.

### RANDOLPH, JUSTICE, FOR THE COURT:

¶1. In April 2004, David and Sandra Doll ("the Dolls") filed suit against BSL, Inc. d/b/a Casino Magic Bay St. Louis ("BSL") relating to injuries allegedly suffered by David Doll while on BSL's property. On December 2, 2008, the Circuit Court of Hancock County, Mississippi, entered Final Judgment for BSL, dismissing the Dolls' lawsuit with prejudice pursuant to Mississippi Rule of Civil Procedure 41(b). After denial of their Motion to Reconsider in February 2009, the Dolls filed a Motion for Recusal in March 2009, followed by a Motion for Relief from Final Judgment in June 2009. Upon denial of both their Motion for Relief from Final Judgment and subsequent Motion to Set Aside Order, the Dolls filed this appeal.

## FACTS

¶2.      On approximately July 21, 2003, while retrieving his wave runner from BSL's Casino Magic property in Hancock County, Mississippi,[1] David Doll allegedly stepped on a piece of nine-inch metal rebar sticking out of a submerged boat ramp, resulting in an injury requiring the Dolls to incur medical expenses.[2]  On April 29, 2004, the Dolls filed their complaint against BSL "for recovery of . . . damages under a theory of premises liability."[3]

¶3.      Beginning in early 2005, counsel for the Dolls claims that a "series of medical and personal calamities that would strain even the patience of Job[,]" led to the lawsuit's dismissal.  These claims include, *inter alia*, personal health issues, the loss of his home in Hurricane Katrina, and the temporary relocation of his family to Florida thereafter.[4]  On June 19, 2006, an Agreed Order for Continuance was entered by the circuit court.[5]

¶4.      On April 5, 2007, BSL filed a Motion for Summary Judgment, which was granted by the circuit court on the grounds that David Doll was a licensee on the premises and that there

---

[1]According to counsel for BSL, David Doll "had been called over to that property to retrieve a wave runner that he had left in the Bay of St. Louis the day before, or some days before, by one of [the Department of Marine Resources'] officers. [BSL] was not involved in the decision to call him, or had no notice . . . that his vehicle was present, . . . or that he was present on the property."

[2]As the record is sparse regarding details of this underlying incident, this Court pieced together the episode through the hearing statements of counsel for both parties and the appellate briefs filed with this Court.

[3]This complaint, filed more than nine months after the alleged incident, was BSL's first notice of a claim.  The complaint is absent from the record.

[4]However, BSL points out that "the trial of this matter . . . was over three years after Hurricane Katrina."

[5]Circuit Judge Roger T. Clark presiding.

2

was no evidence submitted that BSL was aware of the alleged piece of metal rebar on the boat ramp.[6] Following denial of a Motion to Reconsider, the Dolls filed a Motion to Vacate Court's Final Judgment and for Recusal.[7] On September 14, 2007, Circuit Judge Clark vacated his order granting summary judgment for BSL and entered an Order of Recusal.

¶5.     The case was reassigned to Circuit Judge Jerry O. Terry. On February 28, 2008, the circuit court entered an order denying BSL's Motion for Summary Judgment. In June 2008, by agreement of the parties, trial was set for December 1, 2008.

¶6.     On December 2, 2008, the circuit court entered Final Judgment for BSL, dismissing the Dolls' lawsuit with prejudice pursuant to Mississippi Rule of Civil Procedure 41(b). According to the circuit court:

> [t]his cause came before the [c]ourt for [t]rial on December 1, 2008 and the [c]ourt called the case for trial. [BSL] announced ready for trial and neither the [Dolls] or their counsel appeared. The [c]ourt then excused [d]efense [c]ounsel until December 2, 2008, at which time the matter was called for trial again. Again, neither the [Dolls] or their counsel appeared. On both occasions[,] [d]efense counsel detailed the one phone conversation he had with [the Dolls'] counsel[8] and the substance of a purported motion for continuance which was faxed to counsel for [BSL], but not filed with the [c]lerk of [c]ourt

---

[6]The stated basis for this ruling is taken from a hearing statement of counsel for BSL, as the order granting summary judgment for BSL is absent from the record.

[7]According to counsel for BSL, the motion for recusal was based upon the fact that Circuit Judge Clark "was my former law partner and that . . . the case was actually in my office at a time when Judge Clark was a partner in my law firm."

[8]According to counsel for BSL, on the morning of December 1, 2008, counsel for the Dolls "called me and indicated that he was not going to be able to attend the docket call that day and indicated that he had family health problems." Counsel for BSL reported this conversation to the circuit court.

3

as of the time of the hearing on December 2, 2008.[9]  At the hearing on December 2, 2008, [BSL] moved to dismiss this action pursuant to Rule 41(b) . . . .

The [c]ourt has reviewed the [c]ourt file and finds that there was no timely motion by the [Dolls] seeking a continuance or any other relief regarding this trial date.  Upon review of the record . . . , the [c]ourt notes that this matter was initially filed in April of 2004, it has been set for trial previously and continued on motion of the [Dolls].  The [c]ourt is of the opinion that [the Dolls'] failure to timely communicate with the [c]ourt or counsel opposite regarding the potential for a request for a continuance and failure to appear at the [t]rial of this cause constitutes a clear record of delay and contumacious conduct by the [Dolls], or their counsel, in the prosecution of this matter.  The [c]ourt further notes that it has considered lesser sanctions and finds that [d]ismissal is warranted under the circumstances.

¶7.    On December 8, 2008, the Dolls filed a Motion to Reconsider pursuant to Mississippi Rule of Civil Procedure 59(e).  According to the Dolls, both the circuit court and counsel for BSL were advised of the "serious medical condition suffered by Plaintiffs' counsel . . . on December 1st via cell phone calls[10] and December 2nd via faxed [l]etter."  The December 2, 2008, faxed letter from counsel for the Dolls provided that "[o]n Sunday night, [November 30, 2008], I prepared a Motion to Continue and left the fax on autodial to both [counsel for BSL] and the [c]ourt."  However, that fax was not received by either counsel for BSL or the

---

[9]The Dolls' Motion for Continuance was not filed until December 4, 2008. According to the motion, "counsel's family has serious personal medical issues which preclude his participation in trials at this time (this would include a premature birth and the necessity of hiring a [r]egistered [n]urse to assist in care)."  Attached to the motion was a Medical Leave of Absence form signed by Dr. Phillip L. Barnes on December 1, 2008.

[10]According to the December 2, 2008, faxed letter from counsel for the Dolls, on December 1, 2008, "a little after 8 a.m.[,] I had a discussion with [counsel for BSL] about the problems I was facing and my unavailability.  He offered to address the [c]ourt for me and that I should call the judge."  The letter adds that, "I left a message for Judge Terry with a short explanation and my cell phone number with a bailiff, asking Your Honor to call me at your Honor's convenience."  However, the letter notes, Circuit Judge Terry never received this alleged message.

circuit court, because counsel for BSL's "fax number . . . [had] changed since the Legal Directory was published." As the fax had been placed on autodial and the first fax to counsel for BSL "never went through," the second fax to the circuit court "failed as well." According to the December 2, 2008, faxed letter, the motions were faxed "to the proper numbers this morning."

¶8. On February 20, 2009, a hearing was held on the Dolls' Motion to Reconsider. At the hearing, counsel for BSL noted that:

> there [wa]s no effort [by the Dolls] to depose any physicians in anticipation of trial. There was no effort to authenticate any medical proof going forward to trial. There were no jury instructions submitted by the [Dolls] in anticipation of trial. [BSL] filed timely in limine motions, and there was no response filed to those at any point before or since.[11]

Regarding the physical problems of counsel for the Dolls, the circuit court stated, "I've never seen anything from any physician or any hospital records or anything else to show all of these medical complaints. It's always been just from your statement or [the] person who runs your office . . . ."[12] On February 23, 2009, the circuit court denied the Dolls' Motion to Reconsider.

¶9. On March 2, 2009, the Dolls filed a Motion for Recusal, an amended version of which was filed on March 9, 2009. In response, BSL argued that the Dolls had waived their right to seek recusal under Uniform Circuit and County Court Rule 1.15, in that they had "failed to comply with th[e] thirty (30) day requirement" by waiting "until after this [c]ourt ruled on

---

[11]According to its brief, BSL claims that "the record shows that nothing was filed by the [Dolls] during the five months between the [n]otice of [t]rial [s]etting and the trial date."

[12]Counsel for the Dolls responded to the circuit court that, "as an officer of the [c]ourt, my word is good until you challenge it. If you want that, I'll give it to you."

5

the Motion for Summary Judgment and entered a Final Judgment dismissing this lawsuit with prejudice and ruled on a Motion for Reconsideration before filing the present [m]otion." According to BSL, "motions to recuse should not be used by attorneys as a strategic tool in the face of adverse rulings."

¶10. On June 8, 2009, the Dolls filed a Motion for Relief from Final Judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(6). The Dolls contended that the December 2, 2008, Final Judgment of dismissal with prejudice "was completely unfair, onerous and inequitable . . . ." The motion then shifted to a recusal argument, adding that at the hearing on the Motion to Reconsider, Judge Terry "was unsympathetic, verbally berated the [Dolls'] attorney in open court and then issued an [o]rder . . . denying the [Dolls'] Motion to Reconsider." Furthermore, according to the Dolls' motion:

> even though no formal Order of Recusal has been received by the [Dolls] in this cause, the attorney for the [Dolls] appeared before [Circuit Judge Terry] on an unrelated matter and was informed by the [j]udge, in open court, that the [j]udge had recused himself from all cases involving the attorney for the [Dolls].[13]

---

[13]The only mention in the record regarding the Dolls' contention that Circuit Judge Terry had recused himself from cases involving counsel for the Dolls was an April 17, 2009, letter to counsel for BSL. The letter provided that:

> I have been notified by Judge Terry, in open court, that he has recused himself from all my cases and will not hear any matters in which I am an attorney for either of the parties. I have not yet received his recusal [o]rder, but I just wanted to give you a "heads-up" that this matter will be reassigned to another [j]udge.

The record also includes an Order of Recusal of Circuit Judge Terry in a separate case in which counsel for Doll was involved, filed on May 15, 2009.

On June 15, 2009, the circuit court denied the Dolls' Motion for Relief from Final Judgment, stating that:

> the [Dolls'] *proper avenue of relief would have been appeal from the [c]ourt's prior [o]rder denying their Motion for Reconsideration* which the [Dolls] failed to timely perfect. *The [Dolls] are not now entitled to relief under Rule 60(b)(6) following their failure to avail themselves of the opportunities afforded by the Rules*.

(Emphasis added.)

¶11. On June 19, 2009, the Dolls filed a Motion to Set Aside Order, contending that their Motion for Recusal had been filed within thirty days of the order denying their Motion to Reconsider, and that "[i]f Judge Terry is going to reverse himself and remain involved in this cause, then . . . the [c]ourt's [o]rder of June 1[5], 2009 must be immediately set aside until the recusal issue is resolved." On June 22, 2009, the circuit court denied the Dolls' Motion to Set Aside Order. On June 29, 2009, the Dolls filed a Notice of Appeal.

## ISSUES

¶12. This Court will consider:

(1) Whether the Dolls' appeal is, to any extent, time-barred.
(2) Whether the circuit judge erred by not recusing himself.
(3) Whether the circuit court abused its discretion in denying the Dolls' Motion for Relief from Final Judgment and subsequent Motion to Set Aside Order.

## ANALYSIS

### I. Whether the Dolls' appeal is, to any extent, time-barred.[14]

¶13.    The Dolls' lawsuit was dismissed with prejudice pursuant to Mississippi Rule of Civil Procedure 41(b) on December 2, 2008. On December 8, 2008, the Dolls filed their Motion to Reconsider.[15] On February 23, 2009, the circuit court denied that motion. Pursuant to Mississippi Rule of Appellate Procedure 4(d), the time for appeal commenced with the entry of that order. *See* Miss. R. App. P. 4(d); ***Pruett v. Malone***, 767 So. 2d 983, 985 (Miss. 2000) ("[t]he order denying a motion to reconsider is a final judgment for purposes of appeal."). Therefore, to appeal that order, the Dolls were required under Mississippi Rule of Appellate Procedure 4(a) to file notice of appeal within thirty days of February 23, 2009, i.e., on or before March 25, 2009. *See* Miss. R. App. P. 4(a). The Dolls filed no such notice of appeal. Instead, on March 2, 2009, the Dolls filed a Motion for Recusal. However, a motion for recusal is not among the motions listed in Mississippi Rule of Appellate Procedure 4(d) from which the time for appeal begins to run only upon disposition thereof. *See* Miss. R. App. P. 4(d). Accordingly, as the Dolls failed to timely appeal the February 23, 2009, order denying their Motion to Reconsider, the dismissal with prejudice became final thirty days later, on

---

[14]In a November 14, 2009, order, this Court stated that:

> [BSL] argues that the appeal should be dismissed because the notice of appeal was not timely filed. [The Dolls] argue that they are also appealing from orders filed in the circuit court on June 15, 2009, and June 22, 2009. After due consideration the panel finds that [BSL's] Motion to Dismiss is not well taken and should be denied.

[15]Mississippi Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment." Miss. R. Civ. P. 59(e).

March 25, 2009. *See* Miss. R. App. P. 2(a)(1) ("[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5"); **Pruett**, 767 So. 2d at 985 ("Rule 4(a) is a 'hard-edged, mandatory' rule which this Court 'strictly enforces.' . . . Appeals not perfected within 30 days will be dismissed, period.") (citations omitted). Therefore, this Court concludes that the Dolls' appeal of their denied Motion to Reconsider is time-barred.

**II. Whether the circuit judge erred by not recusing himself.**

¶14. The Dolls' Motion for Recusal was filed on March 2, 2009, with the amended version filed on March 9, 2009. Circuit Judge Terry did not rule on the Dolls' Motion for Recusal. As such, the following provisions of Mississippi Rule of Appellate Procedure 48B applied:

> [i]f a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal, *or if within 30 days following the filing of the motion for recusal the judge has not ruled*, the filing party *may* within 14 days following the judge's ruling, *or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge's action by the Supreme Court*.

Miss. R. App. P. 48B (emphasis added). This Court finds that under Mississippi Rule of Appellate Procedure 48B, the Dolls had fourteen days, *after* the "30 days following the filing of the motion for recusal" upon which Circuit Judge Terry had not ruled, to "seek review of the judge's action by the Supreme Court." Miss. R. App. P. 48B. In short, the Dolls had forty-four days *after filing* the motion for recusal to seek review by this Court. As the Dolls failed to timely seek this Court's review of Circuit Judge Terry's action (or lack thereof), this Court concludes that this issue is time-barred.

9

**III. Whether the circuit court abused its discretion in denying the Dolls' Motion for Relief from Final Judgment and subsequent Motion to Set Aside Order.**

¶15.    This issue is not time-barred as "Rule 60(b) specifies certain limited grounds upon which final judgments may be attacked, even after the normal procedures of motion for new trial and appeal are no longer available." Miss. R. Civ. P. 60 cmt. However, "[w]e will reverse the grant or denial of a Rule 60(b) motion only upon a showing of abuse of discretion." *Moore v. Jacobs*, 752 So. 2d 1013, 1015 (Miss. 1999).

¶16.    Under the facts presented, Rule 60(b) relief is unwarranted. "Rule 60(b) is not an escape hatch for litigants who have procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Pruett*, 767 So. 2d at 986 (quoting *State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto.*, 573 So. 2d 787, 790 (Miss. 1990)). *See also* *M.A.S. v. Miss. Dep't of Human Servs.*, 842 So. 2d 527, 530 (Miss. 2003) (quoting *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 968 (Miss. 1998)) ("the Rule 60(b) motion is not to be used as a substitute for appeal . . . ."). Based upon the conclusions in Issues I and II, *supra*, the Mississippi Rule of Civil Procedure 60(b) relief sought by the Dolls is nothing more than "an escape hatch" after failing to pursue other available procedural remedies, and/or an improper "substitute for appeal." *M.A.S.*, 842 So. 2d at 530; *Pruett*, 767 So. 2d at 986. The Dolls should have appealed the dismissal of their lawsuit on or before March 25, 2009, but failed to do so. Similarly, the Dolls should have sought this Court's review of the circuit court's silence on their Motion for Recusal, but failed to timely do so. Accordingly, this Court concludes that the circuit court did not abuse

10

its discretion in denying the Dolls' Motion for Relief from Final Judgment and subsequent Motion to Set Aside Order.

## CONCLUSION

¶17.    Based upon this analysis, this Court affirms the Circuit Court of Hancock County's dismissal of the Dolls' lawsuit.

¶18.    **AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**