# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01370-COA

CLEMMIE WALKER                                                    APPELLANT

v.

JAMES MAY                                                          APPELLEE

DATE OF JUDGMENT:            12/28/2012
TRIAL JUDGE:                 HON. JOHN ANDREW GREGORY
COURT FROM WHICH APPEALED:   CALHOUN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      EDWARD D. LANCASTER
ATTORNEY FOR APPELLEE:       TINA MARIE DUGARD SCOTT
NATURE OF THE CASE:          CIVIL - PROPERTY DAMAGE
TRIAL COURT DISPOSITION:     AWARDED PLAINTIFF $10,500 IN
                             DAMAGES AND $4,000 IN ATTORNEY'S
                             FEES
DISPOSITION:                 AFFIRMED - 06/23/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     This matter is brought on appeal as a result of three actions originally filed in Calhoun

County Justice Court.  On April 27, 2011, James May filed a complaint against Clemmie

Walker, claiming that Walker's dogs had entered May's property and had killed and maimed

some of May's cattle.  He demanded damages under Mississippi Code Annotated section 95-

5-21 (Rev. 2004), which provides:

> If any dog shall kill or injure any poultry or any livestock, including cattle,
> horses, mules, jacks, jennets, sheep, goats and hogs, the owner of the dog shall
> pay to the owner of such poultry or livestock any loss suffered as a result of
> such injury and the value of the poultry or livestock killed and all costs of

collection, including court costs and reasonable attorney's fees. The justice court entered a judgment of $3,564 against Walker on June 8, 2011. Walker filed a notice of appeal with the Calhoun County Circuit Court on July 5, 2011.

¶2. May filed two additional complaints with the justice court – one on December 5, 2011, and one on December 19, 2011. In those complaints, May asserted that Walker continued to let his dogs run loose and that they had killed more of May's cattle. Two additional judgments were awarded to May, both for $3,564. May filed suggestions of garnishments with Walker's employer and banking institutions. An agreed order was entered staying garnishment proceedings until further order.

¶3. May filed a motion with the circuit court to consolidate the three causes on June 4, 2012, which the court granted. A hearing was held on October 30, 2012. On November 7, 2012, May filed a motion to amend the pleadings to include the additional incidents involving Walker's dogs and May's cattle that had occurred in late 2011. The circuit court granted the motion to amend the pleadings and, on January 3, 2013, the court ordered that May was entitled to damages in the amount of $10,500 and $4,000 in attorney's fees.

¶4. On January 16, 2013, Walker filed a motion requesting additional time to file a post-judgment motion.[1] He explained that his trial counsel had refused to take any further action, and he had to hire a new attorney. The circuit court approved the motion, granting Walker

_____

[1] Although filed more than ten days after the judgment was entered, Walker stated in his motion that he did not receive notice of the judgment until January 7, 2013.

2

an additional thirty days to file any post-trial motions. On February 14, 2013, Walker filed

a motion for a judgment notwithstanding the verdict, or a new trial, which the circuit court

denied on July 18, 2013. Walker subsequently filed a notice of appeal on August 9, 2013.

¶5.     Because Walker did not file a timely motion to reconsider the judgment, we do not

have jurisdiction to address Walker's appeal. However, since the Mississippi Supreme Court

has, on one occasion, addressed the merits of such an appeal, we have reviewed the merits

of Walker's appeal and find no error in the circuit court's findings. Accordingly, we affirm

the judgment.

## ANALYSIS

¶6.     Although not raised by either party, we must address the issue of whether this Court

has jurisdiction to consider Walker's appeal. *See Michael v. Michael*, 650 So. 2d 469, 471

(Miss. 1995) (An appellate court "is required to note its own lack of jurisdiction," whether

or not it is raised by the parties.) Rather than file a notice of appeal within thirty days of the

entry of the judgment, as required by Rule 4 of the Mississippi Rules of Appellate

Procedure,[2] May filed a request for additional time to file post-trial motions, which the circuit

court granted. However, Rule 59(e) of the Mississippi Rules of Civil Procedure does not

allow a trial court to grant such a request. The comment to Rule 59 specifically provides that

---

[2] *See* M.R.A.P. 4(a) (requiring that "in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from").

"[a] motion to alter or amend must be filed within ten days after the entry of judgment," and the trial court "is not permitted to extend this time period." In *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶11) (Miss. 2007), the supreme court stated that "[t]his ten-day requirement is absolute[.]" Had Walker's Rule 59 motion to alter the judgment been timely filed, then the time for filing a notice of appeal would have been tolled until the entry of the order disposing of that motion. *See* M.R.A.P. 4(d). However, an untimely motion has no such effect. Walker's motion to alter the judgment was filed thirty-one days after the final judgment had been entered, clearly outside the ten-day requirement of Rule 59. Therefore, his notice of appeal, filed eight months after the January 3, 2013 judgment, was untimely. As such, Walker's failure to file a timely post-trial motion deprives this Court of jurisdiction to consider his appeal. *See Sanders v. Hoover*, 2013-CA-0942-COA, 2015 WL 652973, *2 (Miss. Ct. App. Feb. 17, 2015); *Gober v. Lee*, 8 So. 3d 912, 915 (¶14) (Miss. Ct. App. 2009) (dismissing appeal because the defendant's "Rule 59 motion was untimely" and, therefore, this Court lacked jurisdiction).

¶7. But in *Scally v. Scally*, 802 So. 2d 128, 132 (¶¶26, 27) (Miss. Ct. App. 2001), this Court considered an appellant's claim that the appellee's motion to alter a judgment was time-barred, and the majority concluded that because the appellant did not object or respond to the motion, he was barred from asserting the issue on appeal. Judge Southwick, in a special concurrence, however, clarified that there was no objection to be made because the motion was, in fact, timely. *Id*. at (¶30). Therefore, he found "waiver is not the answer."

4

*Id.*

¶8.     Subsequently, in *Wilburn*, the supreme court considered a similar situation, noting that although the appellant's motion for reconsideration was not timely, the appellee had failed to object or respond to the motion. *Wilburn*, 991 So. 2d at 1191 (¶13). Quoting our holding in *Scally*, but failing to address the clarification noted by the special concurrence, the supreme court considered the merits of the appellant's claims. From our research, *Wilburn* is the only instance in which our supreme court has allowed such a review.

¶9.     Because Walker's motion was untimely, under Rule 4 of the Mississippi Rules of Appellate Procedure, it did not extend his time for filing a notice of appeal. Accordingly, it is our position that this Court does not have jurisdiction to consider this appeal. However, as May did not object to the timeliness of the motion, in deference to the supreme court's holding in *Wilburn*, we will briefly address the merits.

¶10.     Walker contends that the judgment should be reversed, as the circuit judge failed to make appropriate findings of fact. During the bench trial, the circuit judge informed the parties:

> When I draw the Opinion or the Order, it won't be a long detail of why. I'm just going to come out with [it] like a jury does. And you can figure it out . . . but, anyway, I'm not going to go into great detail about the factual part of it. I need to satisfy myself in my mind, think about it.

True to his word, the circuit judge simply outlined in the order the allegations in the complaint, and citing the applicable statute, section 95-5-21, concluded May was entitled to damages and attorney's fees.

¶11. Rule 52 of the Mississippi Rules of Civil Procedure provides: "In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered accordingly." Walker never filed a request for specific findings of fact under Rule 52. Therefore, we find no merit to this argument by Walker.

¶12. Walker also claims that there was insufficient evidence to support the circuit court's judgment. Walker acknowledged that he had three black pitbull dogs, and the testimony showed that he lived near May's property. Neighbors Larry Stacey and Jim Brown said that they saw black dogs in May's pasture. Stacey also testified that the three dogs "had an old cow down." Roy Hughes, a neighbor of Walker's, said that the dogs would sometimes come over to his property and that his grandchildren were scared of the dogs, although he stated that they never did anything more than growl occasionally.

¶13. Donnie Cain, a game warden for the Mississippi Department of Wildlife, Fisheries, and Parks, also testified that the cows' injuries appeared to have occurred as a result of a "dog attack." Viewing the images of the injured cattle, Cain testified in detail regarding the differences between a dog and coyote attack, noting:

> A.  This would be, in my opinion, in my expertise, what I have – this would be a dog attack, not a coyote attack because the ears [are] gone, chewed ears on the side. [Dogs] use more of a chewing motion where coyotes, excuse me for saying, eat more.
>
> Q.  I was going to say again, it is because the coyote kills to eat.

A.      He kills to eat.

. . . .

A coyote attacks right here behind the right – you call left or the right front legs backwards, where a dog attacks this. That's not being done, I believe it's a dog.

Cain opined that a coyote would attack the stomach area, whereas a dog would attack around the head and neck area, which is where the majority of the injuries to the cattle had occurred. He also stated that a coyote does not have the jaw strength to inflict the type of injuries depicted in the evidence.

¶14.    Walker contends that the circuit judge should have excluded the testimony of Cain because he was never qualified as an expert witness. However, we find that Walker is barred from asserting this claim, as Walker's attorney at the bench trial never objected to Cain's testimony. "[T]he failure to make a contemporaneous objection results in the waiver of the issue on appeal." *Johnson v. Cumberland*, 91 So. 3d 646, 653 (¶24) (Miss. Ct. App. 2012). After reviewing the evidence, we find there was sufficient evidence to support the judgment.

¶15.    We further conclude that there was ample evidence to support the damage award. May provided evidence of the cows' value, including sales tickets for comparable calves and/or cows. Clay Wilson, a manager of a stockyard in Grenada, Mississippi, also testified as to value of various cattle. Additionally, May testified that he had to purchase materials to reinforce the fencing in an effort to keep the dogs out of his pasture.

¶16.    Accordingly, we find no error and affirm the circuit court's judgment.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**