# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00601-COA

**CAROL COOK**                                                                 **APPELLANT**

**v.**

**NPN PROPERTIES, A MISSISSIPPI**                                    **APPELLEE**
**CORPORATION D/B/A COMFORT INN**

DATE OF JUDGMENT:              03/23/2015
TRIAL JUDGE:                         HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:  PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ALFRED L. FELDER
ATTORNEY FOR APPELLEE:        THOMAS RAY JULIAN
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                  AFFIRMED IN PART; DISMISSED IN PART
                              - 11/26/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., GREENLEE AND TINDELL, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Carol Cook filed a negligence action against NPN Properties after she slipped and fell at the Comfort Inn in McComb, Mississippi.  The Pike County Circuit Court granted NPN Properties' motion for summary judgment.  Cook filed a post-judgment motion, which the trial court treated as a motion under Mississippi Rule of Civil Procedure 60(b).  The trial court denied Cook's motion.  Cook now appeals the trial court's order granting summary judgment and the trial court's order denying her Rule 60(b) motion.

¶2.     After our review, we find Cook's appeal as to the trial court's order granting summary judgment in favor of NPN Properties was untimely filed.  We therefore dismiss Cook's

appeal with respect to that order. As to Cook's timely appeal of the trial court's order denying her Rule 60(b) motion, we find the trial court did not abuse its discretion in denying this motion.

**FACTS**

¶3. On the afternoon of May 3, 2007, Cook and several of her relatives arrived at the Comfort Inn in McComb. Cook testified that it began raining that evening, and a steady rain continued falling through the next morning. The next morning, May 4, 2007, Cook packed up her belongings to check out of the motel. After Cook and her relatives placed their belongings in their vehicle, they drove to the drive-through area under a canopy adjacent to the motel's lobby entrance so that Cook could return her room key. Cook testified that she exited the vehicle and took approximately four steps when "all of a sudden [her] feet went out from underneath [her]" and she fell. As a result of her fall, Cook suffered a broken ankle on her left leg, as well as other injuries to her left leg and the left side of her body. In her deposition, Cook admitted that she did not know what caused her to slip. Cook testified that the surface under the canopy was wet due to the rain and that as she fell, she caught a glimpse of some type of gloss on the surface of the asphalt. Cook testified that after she fell, the Comfort Inn general manager Rhonda Norton apologized to her and told Cook that other people had fallen in that same spot before, but no one had been injured as badly as Cook. Cook also testified that she did not see any "Wet Floor" warning signs placed in the lobby or under the canopy prior to her fall.

¶4. On April 22, 2010, Cook filed her complaint against NPN Properties, asserting claims

2

of negligence and strict liability. In her complaint, Cook claimed that NPN Properties knew or should have known that the surface under the drive-through canopy was slippery when wet. Cook also claimed that NPN Properties knew or should have known that other business invitees of the Comfort Inn had also slipped and fallen on the surface under the drive-through canopy. Cook asserted that this alleged knowledge imposed a heightened duty upon NPN Properties to both adequately warn of any and all dangers of which NPN Properties knew or should have known and to continue to provide such warnings until NPN Properties could correct the slippery condition under the drive-through canopy.

¶5.    During discovery, the parties deposed Norton and Monty Lipp, an independent contractor. During her deposition, Norton testified that after Cook fell, Cook told hotel staff that she had been rushing and should have been more careful. Norton also testified that the motel's maintenance man cleans the surface under the canopy every day around noon. Maintenance logs from the Comfort Inn confirm that the motel staff was required to "wash down sidewalks, staircases, breezeways[,] and under [the] canopy with soap and water at 12 noon daily."

¶6.    Lipp testified that at least one year prior to the subject incident, NPN Properties hired him to apply a skid-resistant sealant to the asphalt in the drive-through area under the canopy.[1]    Lipp testified that he mixed concrete sealant with an abrasive sand aggregate

---

[1] The record reflects that during his deposition, Lipp testified that he applied the skid-resistant sealant approximately one year prior to Cook's fall. The record also reflects that Norton, who served as general manager for the Comfort Inn at the time, testified that Lipp applied the sealant approximately four years prior to the incident. However, neither Lipp nor Norton had any records to confirm the date. NPN Properties maintains that whether the sealant was applied one year or four years prior to Cook's fall is immaterial because Lipp

3

called "shark teeth" to give it an anti-skid surface and increase traction. Lipp testified that he added more "shark teeth" to the sealant than is normally used in his industry.[2] Lipp also testified that water would not have affected the skid-resistant properties of the surface under the canopy. However, he stated that if oil was present on the surface under the canopy, it might affect the skid-resistant properties of the sealant. Lipp testified that this particular coating of sealant has a life expectancy of approximately ten years.

¶7. On February 12, 2015, NPN Properties moved for summary judgment, asserting that Cook failed to show that any genuine issues of material fact existed; specifically, that Cook failed to establish that NPN Properties breached any duty it owed to her at the time of her injury.

¶8. The trial court held a summary judgment hearing. After the hearing, the trial court granted summary judgment in favor of NPN Properties. The trial court explained that a disagreement does not make a factual dispute for purposes of Mississippi Rule of Civil Procedure 56. The trial court also stated:

> [T]he burden remains on the plaintiff to show that a dangerous condition existed and that the premises owner knew or should have known of a dangerous condition. And it's a higher burden than to show that there is some other way that it could have been done that might have been safer.
>
> . . . .
>
> [A] mere fall and an allegation that other people have fallen, you're the first

---

testified that the sealant has a life span of about ten years.

[2] At the deposition, Lipp was asked, "You're saying you could have just put one quart of sharks' teeth [in the sealant] but you put in two quarts?" Lipp answered "Yeah. I'd rather do more than less."

4

one that has gotten hurt this bad, that's simply not enough to avoid summary judgment in this case.

The trial court entered an order granting NPN Properties' summary judgment motion on March 23, 2015.

¶9. On April 2, 2015, Cook filed her a motion for additional time to file a motion for "reconsideration/rehearing," which the trial court granted on April 6, 2015. On April 9, 2015, Cook filed a second motion for additional time to file a motion for reconsideration/rehearing, which the trial court granted on April 16, 2015. On April 22, 2015, Cook filed her motion for reconsideration/rehearing.

¶10. NPN Properties filed its response to Cook's motion on May 7, 2015, and argued that a trial court is not permitted to extend the ten-day time period for filing a motion for reconsideration/rehearing. NPN Properties asserted as follows:

> [T]he ten-day requirement within Rule 59(e) "is absolute, and the court is not permitted to extend this time period." *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (Miss. 2008); *see also* [M.R.C.P.] 59 cmt. ("A motion for new trial or a motion to alter or amend the judgment made pursuant to M.R.C.P. 59 must be filed within 10 days after entry of the judgment. The trial court has no authority or discretion to extend the 10-day time period.")[.] Here, [Cook] did not file her motion within 10 days after the judgment was entered.

NPN Properties argued that as a result of Cook filing her motion outside of the ten-day time period, Cook's motion "can only be treated as one for relief from judgment pursuant to [Mississippi Rule of Civil Procedure] 60(b)."

¶11. On March 23, 2018, the trial court entered its order denying Cook's motion for reconsideration/rehearing. The trial court determined that Cook's motion should be considered as a Rule 60(b) motion and held as follows: "The motion should be considered

5

as a [m]otion for [r]elief under Rule 60(b) and [Cook] is not entitled to relief from the [o]rder [g]ranting [s]ummary [judgment] because [Cook] has failed to demonstrate that she is entitled to relief under Rule 60(b)."  The trial court further held that "[i]f the [c]ourt considers the request as a Rule 59 [m]otion the court finds that [Cook] is not entitled to relief because the [o]rder [g]ranting [s]ummary [judgment] was proper."

¶12.   On April 19, 2018, Cook filed her notice of appeal in the trial court.

## STANDARD OF REVIEW

¶13.   When reviewing jurisdictional matters, this Court applies a de novo standard of review. *Joshua Props. LLC v. D1 Sports Holdings LLC*, 130 So. 3d 1089, 1092 (¶8) (Miss. 2014).  However, this Court "will reverse the grant or denial of a Rule 60(b) motion only upon a showing of abuse of discretion." *Doll v. BSL Inc.*, 41 So. 3d 664, 669 (¶15) (Miss. 2010).

## DISCUSSION

### I.      Order Granting Summary Judgment

¶14.   We must first address the jurisdictional issue that NPN Properties raises in its appellate brief.  NPN Properties asserts that Cook failed to file her notice of appeal within thirty days of the trial court's order granting summary judgment.  NPN Properties argues that because Cook's motion for reconsideration/rehearing was not filed within ten days of the entry of the judgment, it cannot be considered as one of the post-trial motions that tolls the time for appeal under Mississippi Rule of Appellate Procedure 4(d).

¶15.   Cook claims that if the trial court had not granted her requests for an extension of time

6

to file her motion for reconsideration/rehearing, she *would* have filed her notice of appeal within thirty days of the trial court's order granting summary judgment. In her appellate brief, Cook submits that this Court should treat her April 22, 2015 motion for reconsideration/rehearing as a motion for relief from judgment pursuant to Rule 60(b). She asks this Court to grant her an opportunity to properly appeal this case under Rule 60(b)(3) (allowing for relief from a final judgment for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)") and Rule 60(b)(6) (allowing for relief from a final judgment for "any other reason justifying relief from the judgment"). We recognize that a motion filed under Rule 60(b) "does not toll the thirty-day time period to file a notice of appeal from the then-existing judgment." *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013). Motions under Rule 60(b)(6) "shall be made within a reasonable time," and motions under Rule 60(b)(3) shall be made "not more than six months after the judgment, order, or proceeding was entered or taken." M.R.C.P. 60(b).

¶16. Mississippi Rule of Appellate Procedure 4(a) provides that except as provided in Rule 4(d), appeals in civil cases must be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order appealed from.

¶17. Rule 4(d) sets forth the tolling provision applicable to the thirty-day filing rule in Rule 4(a). Rule 4(d) provides that in civil cases, if a party timely files a motion to alter or amend the judgment or for a new trial under Mississippi Rule of Civil Procedure 59 or a motion for relief from a judgment under Rule 60—if the motion is filed no later than ten days after entry

7

of the judgment—then "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d). An untimely Rule 59 or Rule 60 motion "does not toll the thirty-day time period to file a notice of appeal." *Woods*, 111 So. 3d at 1236 (¶8). Furthermore, Rule 59(e) provides that "[t]he trial court has no authority or discretion to extend the 10-day time period." M.R.C.P. 59(e) advisory committee's note.[3]

¶18.    As stated, the trial court in the present case entered an order granting NPN Properties' summary judgment motion on March 23, 2015. On April 2, 2015, Cook filed her first motion for additional time to file a motion for reconsideration/rehearing, which the trial court granted on April 6, 2015. On April 9, 2015, Cook filed her second motion for additional time to file a motion for reconsideration/rehearing, which the trial court granted on April 16, 2015. At no point prior to Cook actually filing her motion for reconsideration/rehearing did NPN Properties object to Cook's motions for an extension of time or the trial court's orders granting Cook an extension. However, in its response to Cook's motion for reconsideration/rehearing, NPN Properties did raise the issue of timeliness and set forth that a trial court may not extend the ten-day time limit for filing a post-judgment motion.

¶19.    On April 22, 2015, Cook filed her motion for reconsideration/rehearing. The record reflects that Cook filed her motion thirty days after the trial court's order denying summary judgment and well outside of the ten-day limit provided by Rule 59. Interestingly, Cook's

---

[3] We recognize that "[i]n criminal cases, the [s]upreme [c]ourt or this Court—as opposed to the trial court—does have authority under Mississippi Rule of Appellate Procedure 2(c) to suspend the rules and allow an untimely appeal." *Bailey v. Chamblee*, 192 So. 3d 1078, 1082-83 (¶14) (Miss. Ct. App. 2016). "However, Rule 2(c) makes clear that in civil cases[,] the time for taking an appeal as provided in Rules 4 or 5 may not be extended." *Id*. at 1083 (¶14) (internal quotation mark omitted).

motion does not cite either Rule 59(e) or Rule 60(b) at all, and the motion is styled simply "Motion for Reconsideration/Rehearing."[4] This Court has recognized that "[t]he timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion." *Michael v. Smith*, 237 So. 3d 183, 188 (¶15) (Miss. Ct. App. 2018). In *Michael*, this Court explained that "[a] Rule 59(e) motion must be filed within ten days of the entry of the final judgment. . . . *This deadline cannot be extended*." *Id.* (emphasis added) (citing M.R.C.P. 59(e); M.R.C.P. 6(b)). This Court then explained that "[a] motion to reconsider filed after the ten-day deadline is a Rule 60(b) motion[,] . . . [which] must be filed within a reasonable time . . . ." *Id.*

¶20. The record also reflects that NPN Properties filed its response to Cook's motion for reconsideration/rehearing on May 7, 2015. In its motion, NPN Properties argued that Cook's motion for reconsideration/rehearing was untimely:

> [T]he ten-day requirement within Rule 59(e) "is absolute, and the court is not permitted to extend this time period." *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (Miss. 2008); *see also* [M.R.C.P.] 59 cmt. ("A motion for new trial or a motion to alter or amend the judgment made pursuant to M.R.C.P. 59 must be filed within 10 days after entry of the judgment. The trial court has no authority or discretion to extend the 10-day time period.")[.] Here, [Cook] did not file her motion within 10 days after the judgment was entered. As a result, the motion can only be treated as one for relief from judgment pursuant to Rule 60(b).

On March 23, 2018, the trial court entered an order treating Cook's motion for

---

[4] The advisory committee's notes to Rule 59 clarify that "[t]he rule does not authorize a motion for reconsideration after entry of judgment. If a motion is mislabeled as a motion for reconsideration and was filed within ten days after the entry of judgment, the trial court should treat such motion as a post-trial motion to alter or amend the judgment pursuant to [Rule] 59(e)." As stated, Cook failed to file her motion within ten days after the entry of the judgment.

9

reconsideration/rehearing as a Rule 60(b) motion and denied relief. Cook filed her notice of appeal within thirty days of the trial court's order denying her motion for reconsideration/rehearing.

¶21. In keeping with the time lines set forth in our procedural rules, we find that Cook's untimely motion for reconsideration/rehearing did not toll Rule 4(a)'s requirement that she file her notice of appeal within thirty days from the trial court's order granting summary judgment. As stated, Cook filed her notice of appeal on April 19, 2018, more than three years after the trial court's order granting summary judgment.

¶22. However, the supreme court has addressed cases where a motion for reconsideration was untimely but the opposing party failed to object or respond to the motion for reconsideration. In *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶13) (Miss. 2008), the supreme court found that the plaintiff's motion for reconsideration was untimely filed. The supreme court held, however, that "there is no evidence in the record that [the defendant] either objected or responded to [the plaintiff's] 'Motion for Reconsideration.'" *Id*. The supreme court quoted this Court's opinion in *Scally v. Scally*, 802 So. 2d 128, 132 (Miss. Ct. App. 2001), for the proposition that "this Court does not review matters on appeal that were not first raised at the trial level. Before an issue can be presented to this Court, it must first be presented to the trial court. This is done by an objection." *Wilburn*, 991 So. 2d at 1191 (¶13) (citations omitted). The *Wilburn* court therefore held that "[b]ased upon that same reasoning, this [c]ourt concludes that [the defendant] is procedurally barred from raising [the timeliness] issue for the first time on appeal." *Id*.

10

¶23. Similarly, in *Carter v. Carter*, 204 So. 3d 747, 751 (¶15) (Miss. 2016), the plaintiff filed a timely motion for reconsideration or new trial pursuant to Rule 59. Then, sixty-seven days after entry of the judgment, the plaintiff filed a supplemental motion for reconsideration or a new trial. *Id.* The trial court ultimately denied the plaintiff's motion for reconsideration, and the plaintiff appealed. *Id.* at 750 (¶11). On appeal, the supreme court stated that although the plaintiff's original motion for reconsideration was timely, the plaintiff filed her supplemental motion for reconsideration sixty-seven days after the trial court's entry of the final judgment. *Id.* at 751 (¶15).[5] However, the defendant did not object to the plaintiff filing the untimely supplemental motion. *Id.* The supreme court acknowledged its prior holding in *Wilburn*, stating that where an appellant's motion for reconsideration was untimely, but the appellee failed to object or respond to the untimely motion, the appellee was barred from raising the issue of timeliness for the first time on appeal. *Id.* at 754 (¶31). The supreme court accordingly held that "since [the defendant] did not make any objection to [the plaintiff] filing the supplemental motion sixty-seven days after the entry of judgment, the issue of timeliness has been waived." *Id.* at 755 (¶35).

¶24. This Court has also applied the supreme court's holding in *Wilburn*. In *Walker v. May*, 166 So. 3d 613, 614 (¶3) (Miss. Ct. App. 2015), the trial court filed its final judgment awarding damages to the plaintiff, James May, on January 3, 2013. On January 16, 2013, the defendant, Clemmie Walker, "filed a motion requesting additional time to file a

---

[5] In *Carter*, 204 So. 3d at 755 (¶32), the supreme court clarified that "[f]ollowing the trial court's dismissal of the motion, [the plaintiff] timely filed an appeal with this [c]ourt on January 6, 2014. Therefore, the supplement to a timely filed motion for new trial did not affect this [c]ourt's jurisdiction in this case."

post-judgment motion," which the trial court granted.[6]  *Id*. at (¶4).  Walker then filed a motion for judgment notwithstanding the verdict or a new trial on February 14, 2013—forty-two days after the trial court entered its judgment.  *Id*.  The trial court denied Walker's motion, and Walker filed his notice of appeal.  *Id*.

¶25.    On appeal, this Court observed that "[r]ather than file a notice of appeal within thirty days of the entry of the judgment, as required by Rule 4 of the Mississippi Rules of Appellate Procedure, [Walker] filed a request for additional time to file post-trial motions, which the circuit court granted."  *Id*. at 615 (¶6).  This Court found, however, that "Rule 59(e) . . . does not allow a trial court to grant such a request."  *Id*.  This Court therefore held that "[h]ad Walker's Rule 59 motion to alter the judgment been timely filed, then the time for filing a notice of appeal would have been tolled until the entry of the order disposing of that motion.  However, an untimely motion has no such effect."  *Id*. (citation omitted).  Because Walker's Rule 59 motion was untimely, this Court also held that his notice of appeal, which he filed more than eight months after the final judgment, was also untimely.  *Id*.  This Court held that "Walker's failure to file a timely post-trial motion deprive[d] this Court of jurisdiction to consider his appeal."  *Id*.  However, this Court found that the plaintiff, May, did not object to the timeliness of Walker's post-trial motion.  *Id*.  This Court acknowledged that "the Mississippi Supreme Court has, on one occasion, addressed the merits of such an appeal" and therefore held that "in deference to the supreme court's holding in *Wilburn*, we will briefly

---

[6] "Although filed more than ten days after the judgment was entered, Walker stated in his motion that he did not receive notice of the judgment until January 7, 2013."  *Walker*, 166 So. 3d at 614 n.1.

address the merits." *Id*. at 614, 615 (¶¶5, 9).

¶26. The facts of the present case differ from those in *Wilburn*. In the present case, the record reflects that NPN Properties did not file a motion objecting to Cook's requests for an extension of time or to the trial court's orders granting Cook an extension. However, unlike the precedent cited above, NPN Properties *did* file a response to Cook's untimely motion for reconsideration/rehearing and raised the issue of its timeliness. We therefore find that for the reasons set forth above, this Court lacks jurisdiction to address the merits of Cook's appeal as to the trial court's order granting summary judgment. *See DeSoto County v. Standard Constr. Co. Inc.*, No. 2018-CT-00027-SCT, 2019 WL 4316195, at *3 (¶17) (Miss. Sept. 12, 2019) ("A Rule 60(b) motion filed more than ten days after a circuit court's order is entered does not toll the time to appeal. Therefore, the Court of Appeals correctly dismissed [the party's] appeal from the order of September 29, 2017, as untimely.") (citation omitted).

## II.    Order Denying Motion for Reconsideration/Rehearing

¶27. The trial court properly treated Cook's motion for rehearing/reconsideration as a Rule 60(b) motion and entered its order denying relief on March 23, 2018. On April 19, 2018, Cook timely filed her notice of appeal from this order. Because Cook's notice of appeal with respect to the trial court's order denying her motion for reconsideration/rehearing was timely, the order denying reconsideration/rehearing is properly before this Court. *See DeSoto County*, 2019 WL 4316195, at *4 (¶20) ("[B]ecause DeSoto County's notice of appeal was [timely] with respect to the order [denying the motion for rehearing], the circuit court's

13

denial of the motion for rehearing was properly before the Court of Appeals.").

¶28.	Again, this Court reviews a trial court's denial of a Rule 60(b) motion for an abuse of discretion. *Smith v. Doe*, 268 So. 3d 457, 461 (¶8) (Miss. 2018). "The appeal from a denial of a Rule 60(b) motion brings up for review only the order of denial itself and not the underlying judgment." *Stevens v. Wade*, 214 So. 3d 301, 304 (¶11) (Miss. Ct. App. 2017) (internal quotation mark omitted). We will therefore "address the order denying relief and not the merits of the dismissal." *Id.*[7]

¶29.	Here, the trial court determined that Cook's motion for reconsideration/rehearing should be considered as a Rule 60(b) motion and held as follows: "The motion should be considered as a [m]otion for [r]elief under Rule 60(b) and [Cook] is not entitled to relief from the [o]rder [g]ranting [s]ummary [judgment] because [Cook] has failed to demonstrate that she is entitled to relief under Rule 60(b)." Our review of Cook's motion for reconsideration/rehearing reflects that Cook does not cite Rule 60(b) at all. In her appellate brief, Cooks urges this Court to consider her motion under Rule 60(b)(3) and (6).

¶30.	We recognize that a motion under Rule 60(b)

> permits the trial court . . . to relieve a party from a final judgment for one of six enumerated reasons, two of which are relevant to [Cook's] motion: (1) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), and (2) the catchall "any other reason justifying relief from the judgment." M.R.C.P. 60(b)(3), (6).

*Woods*, 111 So. 3d at 1237 (¶10) (internal quotation marks omitted). Furthermore, "Rule

---

[7] Furthermore, as stated, this Court lacks jurisdiction to review the trial court's underlying judgment. *DeSoto County*, 2019 WL 4316195, at *4 (¶20).

60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much narrower range of relief than Rule 59(e). Rule 60(b) motions should not be used to relitigate cases." *Loftin v. Jefferson Davis Cty. Sch. Dist.*, 142 So. 3d 1098, 1101 (¶6) (Miss. Ct. App. 2014) (citation omitted). "Nor is a Rule 60(b) motion a substitute for a timely appeal." *Id.*

¶31. Our review of Cook's motion for reconsideration/rehearing reflects that she failed to make an argument under any of the grounds set forth in Rule 60(b). Instead, Cook argued that the trial court erred in granting summary judgment, and she set forth the facts and inferences in the record that were favorable to her as to the negligence and strict-liability claims. The trial court ultimately denied relief, explaining that Cook "failed to demonstrate that she is entitled to relief under Rule 60(b)."

¶32. We have consistently held that "a Rule 60(b) motion should be denied where it is merely an attempt to relitigate." *Woods*, 111 So. 3d at 1237 (¶13). Upon our review, we find that Cook was not entitled to relitigate her claim; therefore, the trial court did not abuse its discretion in denying Cook's motion for reconsideration/relief.

¶33. **AFFIRMED IN PART; DISMISSED IN PART.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McDONALD, JJ. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

**McCARTY, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶34. There is a fine line between outsmarting an opponent by cleverly utilizing a rule and

weaponizing that rule to strike them to win the fight on a technicality. The rules can be strategically used without manipulating them to the detriment of others. Because our decision condones the very behavior the rules were created to prevent, I respectfully concur in part and dissent in part.

¶35. This appeal is fully controlled by a Mississippi Supreme Court decision where a motion for reconsideration was untimely, but because the opposing party had failed to object or respond, it was procedurally barred from raising this issue. *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶13) (Miss. 2008). *Wilburn* is dead on point.

¶36. Just as in that case, here NPN Properties never objected or responded to the motion for time. NPN did finally bring up the issue of timeliness, but only after Cook's motion for reconsideration was filed. Before that, Cook had filed *two* motions for additional time, and the trial court *twice* granted additional time, which gave NPN plenty of opportunity to object. Nonetheless, NPN waited to raise the issue of timeliness until after Cook filed her primary motion. The precedent of *Wilburn* requires us to find that the appeal was timely.

¶37. Even if there were not a Supreme Court case on point, the spirit of the Rules of Civil Procedure guide against today's decision. When applying multiple deadlines prescribed by the rules it is easy to fall into a cold formulaic calculation of time periods. Yet one must remember the point of our system—that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every action." M.R.C.P. 1. The advisory committee's note reminds us that "[t]here probably is no provision in these rules more important than this mandate; it reflects the spirit in which the rules were conceived and

written and in which they should be interpreted. *The primary purpose of procedural rules is to promote the ends of justice . . . .*" M.R.C.P. 1 advisory committee's note (emphasis added). The ends of justice are not served by creating and then imposing a procedural bar on the appellants.

¶38. Not only does this not serve the ends of justice, but it also promotes gamesmanship. Our rules were formulated to avoid just that result. "Our trial courts are not dusty streets at high noon where one gunslinger hopes to get the drop on another." *Butler Snow LLP v. Estate of Mayfield*, No. 2018-CA-00591-COA, 2019 WL 2429099, at *4 (¶24) (Miss. Ct. App. June 11, 2019). Instead, the rules "were adopted and implemented and will continue to be enforced so as to minimize gamesmanship and ambush." *Id.*

¶39. The situation in today's case and *Wilburn* are outliers, but we have repeatedly allowed consideration of the merits in cases with similar procedural postures. In one recent appeal, a motion for reconsideration was untimely because it was filed outside of the ten-day time period. *Gordon v. State*, No. 2018-CP-00096-COA, 2019 WL 4439130, at *5 (¶15) (Miss. Ct. App. Sept. 17, 2019). Because the time for appeal was not tolled by the untimely post-trial motion, the appeal from the circuit court's denial of her PCR motion was also untimely. *Id.* This Court followed *Wilburn* by treating the appeal as timely and exercising jurisdiction since the State did not object to the untimeliness of the motion or appeal itself. *Id.*

¶40. Likewise, we have repeatedly applied *Wilburn* and addressed the merits of an otherwise untimely appeal because there was no objection to the Rule 59 motion as untimely. *E.g., Putney v. Sanford*, No. 2018-CA-00454-COA, 2019 WL 3297032, at *3 (¶12) (Miss.

17

Ct. App. July 23, 2019); *Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1250 (¶18) (Miss. Ct. App. 2018); *Walker v. May*, 166 So. 3d 613, 614-15 (¶¶5, 9) (Miss. Ct. App. 2015).

¶41.    Aside from *Wilburn*, this Court also has the ability "to suspend the requirements of appellate rules in the interest of justice." *Gordon*, 2019 WL 4439130, at *5 (¶16). "This Court may suspend [Mississippi Rule of Appellate Procedure] 4(a) to allow an out-of-time appeal in criminal cases and 'civil' [post-conviction relief] actions." *Campbell v. State*, 126 So. 3d 61, 64 (¶5) (Miss. Ct. App. 2013). This discretion should not be forgotten.

¶42.    In this appeal, Cook filed her *first* motion for additional time to file a motion for reconsideration/rehearing on April 2, 2015, which the trial court granted four days later. At that time, NPN made no objection to this motion or to the trial court's grant of the motion. Cook's second motion for time was filed on April 9, which the trial court granted on April 16. Once again NPN made no objection to this motion or the trial court's extension of time.

¶43.    Cook then filed her motion for reconsideration on April 22. Only then did NPN argue that the trial court was not permitted to extend Rule 59(e)'s ten-day time period and that Cook's motion could only be treated as a 60(b) motion because it was filed outside of the ten-day time period. This was the *first* time NPN had raised the issue of timeliness. Indeed, even the majority observes that "[a]t no point prior to Cook actually filing her motion for reconsideration/rehearing did NPN Properties object to Cook's motions for an extension of time or the trial court's orders granting Cook an extension," despite having two opportunities to do so.

¶44.    We do not serve the ends of justice by refusing to consider the merits of Cook's appeal and allowing NPN to lay back and invoke a procedural bar.  We should continue to follow *Wilburn* and fully resolve this appeal.

**WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION.**